**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000959
19-MAR-2013
08:42 AM**

NO. CAAP-11-0000959 and CAAP-11-0001098

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CHRISTOPHER KALACINSKI, Petitioner-Appellee, v.
RITCHELLE DUNKLE, Respondent-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DOMESTIC ABUSE NO. 11-1-7266)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Respondent-Appellant Ritchelle Dunkle (Dunkle) appeals from the Order for Protection, entered on October 26, 2011 in the Family Court of the First Circuit (Family Court).[1]

On October 26, 2011, after a hearing, the Family Court entered an Order for Protection finding that "The Respondent has failed to show cause why the Temporary Restraining Order should not be continued."

On November 23, 2011, the Family Court received a Notice of Appeal by Dunkle, which was filed on November 28, 2011. An appeal was docketed as CAAP-11-0000959.

On December 21, 2011, the Family Court issued an order denying Dunkle's Motion for Extension of Time to File The Notice of Appeal.

On December 27, 2011, Dunkle filed another Notice of Appeal from the Order for Protection and order denying Dunkle's

---

[1] The Honorable Lanson K. Kupau presided.

Motion for Extension of Time to File The Notice of Appeal. An appeal was docketed as CAAP-11-0001098.

On January 25, 2012, this court ordered that both appeals be consolidated under CAAP-11-0000959.

On January 26, 2012, the Family Court issued its Findings of Fact and Conclusions of Law. On February 13, 2012, the Family Court issued another set of Findings of Fact and Conclusions of Law.

On appeal, Dunkle challenges the Findings of Fact (FOF) Nos. 10, 11, 12, 13, 15, 17, 18, 21, 22, 23, 24, 40 and Conclusion of Law (COL) Nos. 29 and 52 from the February 13, 2012 Findings of Fact and Conclusions of Law. Dunkle also contends that the judge's "failure to recuse himself from adjudicating Appellant's Motion violated rules and principles of due process and judicial conduct and warrants his denial of Appellant's Motion to be vacated."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Dunkle's points of error as follows:

Contrary to Dunkle's claim, FOF 21 and 22 are not clearly erroneous. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (internal quotation marks and citation omitted).

Dunkle claims that FOF 10, 11, 12, and 13 are unsupported by substantial evidence because Kalacinski "did not produce any evidence outside of his testimony to support these claims."

> [T]he question on appeal is whether the record contains "substantial evidence" supporting the family court's determinations, and appellate review is thereby limited to assessing whether those determinations are supported by "credible evidence of sufficient quality and probative value." In this regard, the testimony of a single witness,

> if found by the trier of fact to have been credible, will suffice.

In re Doe, 95 Hawaiʻi 183, 196, 20 P.3d 616, 629 (2001) (citations omitted).

Kalacinski testified that on July 11, 2011, Dunkle "threw the phone in the direction of my head. If I would not have ducked, it would have struck me in the face." Kalacinski also testified that the phone was damaged when it had two black dots on the screen where he cannot read anything. He also testified that after Dunkle threw the phone, she came at him and caused scratch marks down his arms resulting in bleeding. Kalacinski then stated that Dunkle then struck him across the left side of his face with both an open and closed hand. As explained above, the Family Court did not err by finding that Kalacinski was credible. Kalacinski's testimony constituted substantial evidence to support FOF 10, 11, 12, and 13. Therefore, FOF 10, 11, 12, and 13 are not clearly erroneous.

Contrary to Dunkle's claim, FOF 15, 17, and 18 are not clearly erroneous. On appeal, Dunkle admits that Kalacinski "testified that Appellant called him seventy-two times in August and twenty-three times on September 16th," but claims that these statements lacked foundation because the calls were made from a "restricted" number and that without more the Family Court should not have found that Dunkle made those calls. Dunkle also claims that Kalacinski failed to produce his ex-wife and friends to testify, therefore, his testimony lacked foundation and constituted inadmissible hearsay which cannot amount to substantial evidence. Dunkle did not object to lack of foundation or on the basis of hearsay when Kalacinski made those statements. In her points of error, Dunkle does not cite where she objected for lack of foundation or hearsay to Kalacinski's testimony. Therefore, any error is waived. Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 28(b)(4).

Contrary to Dunkle's claim, FOF 23 and 24 are not wrong. Dunkle failed to show cause why the temporary restraining

3

order against her should not be continued.  In addition, there was substantial evidence that a protective order was necessary to prevent domestic abuse or a recurrence of abuse.

Hawaii Revised Statutes (HRS) § 586-1 (2006) defines domestic abuse as:

> (1)  Physical harm, bodily injury, assault, or the threat of imminent physical harm, bodily injury, or assault, extreme psychological abuse or malicious property damage between family or household members; or
>
> (2)  Any act which would constitute an offense under section 709-906, or under part V or VI of chapter 707 committed against a minor family or household member by an adult family or household member.

There was substantial evidence to support the Family Court's findings that Dunkle caused physical harm, bodily injury, and/or assault; malicious property damage; and extreme psychological injury.

### Judicial Misconduct

In her points of error, Dunkle claims that the presiding judge violated rules of judicial conduct, due process, and evidence in relation to FOF 10, 11, 15, 17, 18, 21, 22, 23, and 24 and COL 29.

In the argument section of her Opening Brief, Dunkle does not provide any argument that the presiding judge violated rules of judicial conduct, due process, and evidence in relation to FOF 10, 18, 23, and 24.  Therefore, those points of error are waived.  HRAP Rule 28(b)(7).

Dunkle argues that the presiding judge was not impartial and unduly interfered with Kalacinski's testimony on direct examination, cross-examination of Kalacinksi by Dunkle's counsel, and examination of Dunkle by her counsel.  Dunkle claims that she was prejudiced by the undue interference and judicial misconduct.  Dunkle also claims that the Family Court made several erroneous evidentiary decisions that prejudiced her.

### FOF 11

With respect to FOF 11, Dunkle argues that "by interrupting Appellee's testimony to ask about damage to his cell

4

phone, Judge Kupau not only asked *leading* questions 'not aimed at clarifying certain points' but did so to 'confirm [. . .] the necessary elements' of malicious property damage under HRS § 586-1."

We note that Kalacinski was not represented by counsel and thus, there was no counsel to question him on direct examination once he took the stand. Dunkle failed to object to the Family Court's questions. Thus, any error with respect to FOF 11 is waived. Hawaii Rules of Evidence (HRE) Rule 103.

### FOF 15 and 17

Dunkle also did not object to any question by the Family Court and did not object to Kalacinski's responses. Therefore, any errors with respect to the questioning and testimony related to FOF 15 and 17 are waived.

### Exhibit 1, FOF 21 and 22 and COL 29(2) and (3)

Dunkle claims that the Family Court unduly interfered with her counsel's cross-examination of Kalacinski by preventing him from using Dunkle's Exhibit 1 to elicit an admission from Kalcinski. Dunkle claims that the Family Court's action also violated HRE Rule 613. Dunkle argues that this error affected the credibility of Kalacinski and Dunkle, as determined by the Family Court in FOF 21 and 22.

On appeal, Dunkle claims that her counsel was improperly prohibited from using Exhibit 1 to elicit an admission from Kalcinski.[2] Dunkle cites HRE 613(a) and (b) which state:

> **Rule 613  Prior statements of witnesses.** (a) Examining witness concerning prior statement. In examining a witness concerning a prior statement made by the witness, whether written or not, the statement need not be shown nor its contents disclosed to the witness at that time, but on request the same shall be shown or disclosed to opposing counsel.
>
> (b) Extrinsic evidence of prior inconsistent statement of witness. Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless, on direct or cross-examination, (1) the

---

[2]     Dunkle's Exhibit 1 is not part of the record on appeal. Therefore, this court is unable to examine its content.

circumstances of the statement have been brought to the attention of the witness, and (2) the witness has been asked whether the witness made the statement.

From the record available, it appears that counsel intended to use Exhibit 1 to obtain Kalacinski's admission that he made certain statements to Dunkle, and to have the exhibit admitted into evidence as extrinsic evidence. However, Dunkle's counsel admitted that there was nothing on the face of Exhibit 1 that linked Kalacinski to any statements therein and that foundation would be made by Dunkle's testimony later. Until proper foundation was laid, counsel could not use Exhibit 1 to obtain an admission from Kalacinski. Counsel was not prohibited from inquiring whether Kalacinski made statements to Dunkle, without reference to Exhibit 1. The Family Court also did not err in refusing to admit Exhibit 1 in evidence as Dunkle never laid a proper foundation for its admission. Therefore, the Family Court did not unduly interfere with the cross-examination of Kalacinski or violate HRE Rule 613.

Contrary to Dunkle's claim, the Family Court did not disregard rules of judicial conduct and evidence in relation to COL 29(2) and 29(3) by asking leading questions regarding the elements of malicious property damage and by eliciting hearsay testimony about calls from a restricted telephone number.

Lastly, Dunkle claims that the Family Court committed erroneous evidentiary decisions such as (1) preventing "Appellant from fully testifying of how Appellee's false claims of abuse affected her," (2) excluding Exhibit 1 from being entered into evidence and (3) allowing Kalacinski to introduce new facts during his closing argument that were not in evidence. In the section of her Opening Brief titled "Points of Error," Dunkle failed to specifically assert these errors. Therefore, the alleged errors are waived. HRAP Rule 28(b)(4); Kawamata Farms Inc. v. United Agri Prods., 86 Hawai'i 214, 234-35, 948 P.2d 1055, 1075-76 (1997).

**FOF 40 and COL 52**

Dunkle timely filed a Notice of Appeal when it was submitted to the Family Court on November 23, 2011. Therefore, Dunkle was not required to obtain an extension of time to file a notice of appeal from the Family Court. Even if the Family Court erred by denying Dunkle's Motion for Extension of Time to File the Notice of Appeal and FOF 40 and COL 52 are wrong, it was harmless error.

THEREFORE,

IT IS HEREBY ORDERED that the Order for Protection, entered on October 26, 2011 in the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 19, 2013.

On the briefs:

Philip Dureza
for Respondent-Appellant.

Chief Judge

Associate Judge

Associate Judge

7